THE STATE v. M. M. POOLE, Appellant.—14 S. W. (2d) 439.

Division Two, March 2, 1929.

*A. L. Shortridge* and *W. D. Steele* for appellant.

*Stratton Shantel,* Attorney-General, and *Mary Louise Ramsey,* Special Assistant Attorney-General, for respondent.

BLAIR, P. J.—Appellant was convicted in the Circuit Court of Pettis County of the crime of forgery in the third degree, was sentenced to imprisonment in the penitentiary for a term of two years, in accordance with the verdict of the jury, and has appealed.

The main insistence of appellant is that the trial court should have directed a verdict of not guilty. This requires a rather full statement of the facts which the evidence tended to prove. Appellant is a colored man. He was an agent for the Quick Payment Old Line Life Insurance Company and worked out of the Sedalia office of that company. His clients apparently were of the same race. An insurance policy for $500, dated June 6, 1927, was written by appellant on the life of Osley Bradford, another colored man, who met a violent death soon afterwards. After Bradford's death, appellant appeared at the office of the insurance company with an assignment to himself of Bradford's insurance policy, purporting to have been signed by Bradford and witnessed by L. S. Watson and David Robinson. To this was attached an acknowledgment, purporting to be that of Bradford and certified by a notary public.

The State offered evidence tending to show that the name "Osley Bradford," which appeared in two or three places on an envelope containing the insurance policy and possibly on other papers, was written by appellant. A witness, who qualified as an expert, testified that the names of Osley Bradford, as signed to the purported assignment, and as written by appellant on the envelope and other exhibits, were in one and the same handwriting, that is, were written by the same person. It was also shown by three or four witnesses that Bradford was illiterate and could not sign his own name.

Appellant took the witness stand and contented himself merely with testifying that he did not sign Bradford's name upon the various exhibits where the State's witnesses said they saw him write it. He also denied writing Bradford's name on the assignment of the insurance policy. Upon cross-examination, he said he did not know who did write Bradford's name upon the assignment.

Robinson and Watson, who were also colored, were called as witnesses and testified that they accompanied appellant and Bradford to the office of the notary public and heard Bradford state that he had signed his name to the assignment and that they heard him acknowledge the same to be his own act. They said that the assignment was already signed when they first saw it and that they did not see Bradford sign it.

The notary public testified rather hazily concerning the taking of the acknowledgment to the effect that appellant and Bradford and the two witnesses came before him for that purpose. He did not know Bradford, but was told who he was and that the man introduced as Bradford acknowledged his signature, which already had been appended to the instrument.

The information was based on Section 3436, Revised Statutes 1919, which makes it forgery in the third degree for any person, with intent to injure and defraud, to forge any instrument or writing, purporting to be the act of another, by which any rights or property whatsoever shall purport to be transferred or in any way affected. The assignment in evidence was such an instrument, because it purported to sell and assign to M. M. Poole (appellant) all of Bradford's right, title and interest in and to said policy of insurance and to authorize said Poole to collect all money due or to be due on said policy.

An offense would be made out under said Section 3436 by evidence tending to prove that appellant signed the name of Bradford to the assignment as the act of Bradford without authority from him so to do, if such signing was done with intent to injure and defraud. If appellant signed Bradford's name to the assignment at his request and Bradford afterward acknowledged the instrument, there could, of course, have been no forgery. The testimony of Watson and Robinson tended to show that Bradford acknowledged his signature to the assignment, but appellant himself did not undertake to assert that he had written Bradford's signature thereon at his request. Appellant denied signing Bradford's name and disclaimed all knowledge as to who did sign it.

The certificate of acknowledgment of the notary and the direct testimony of Watson and Robinson tended to show that Bradford acknowledged his signature. If the jury believed that Bradford acknowledged his signature, it should have acquitted appellant. By Instruction D, asked by appellant, the jury was so told. But the jury apparently did not believe Watson or Robinson. The notary's testimony was of little probative force because he did not know Bradford and took the word of appellant or his witnesses as to his identity.

The jury had the right to find that appellant wrote Bradford's name on the envelope and the other exhibits and that the same hand which wrote the name there, wrote it on the assignment. The justice of the peace and the mother and sister of Bradford testified that Bradford could not write his own name. If these were accepted as the facts, it is reasonably certain that Bradford did not write his own name upon the assignment. We think that a case was made for

the jury on the issue that Bradford's name on the assignment was written by appellant, and, since appellant did not so claim, that Bradford's name was written without his authority.

The intent to injure and defraud could properly be found by the jury from the fact that the assignment purported to transfer the benefits of the policy from Bradford's heirs to appellant himself. We are satisfied that the evidence offered by the State, aided as it was by the evidence offered by appellant, was sufficient to support the verdict returned by the jury.

Appellant complains of the admission of proof offered by the State to the effect that the name of another had been signed to the assignment and that that name had afterwards been erased and the name of Bradford written over it. We are unable to see how such fact was material at all. Whether it was true or not, was unimportant. It makes no difference whether some other name had at one time been written upon the assignment. The questions at issue were whether or not appellant wrote the name of Bradford, as it then appeared on the assignment, without authority to do so and, of course, whether this was done with intent to injure and defraud. Those questions were not affected in any wise favorably or unfavorably to appellant by the proof tending to show that another name had at one time been written upon the paper constituting the assignment before the name of Bradford was written thereon. If error was committed in the admission of the particular proof, it is quite apparent to us that it was entirely harmless and in no wise prejudicial to the appellant. The assignment is wholly without merit and is overruled.

Complaint is made of Instructions 1, 2, 3 and 4, given by the court at the request of the State. The assignment in respect thereto in the motion for new trial is too general to comply with Section 4079, Laws 1925, page 198. [State v. Standifer, 316 Mo. 49, 289 S. W. 856.] This consideration, no doubt, accounts for the failure of appellant to renew this particular assignment in his brief in this court.

The formal sufficiency of neither the information, the verdict, nor the judgment, is challenged. Nevertheless, we have examined the same and find that they are sufficient in form and substance. The judgment appears only in the bill of exceptions, and not in the record proper. But no point has been urged in respect to such irregularity. The record proper and not the bill of exceptions is the proper place to set out the judgment.

We find no error in the proceedings before the trial court which could have been prejudicial to the rights of appellant. We deem the evidence sufficient to authorize the verdict rendered by the jury.

The judgment rendered thereon is affirmed. All concur.